# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00336-CV

## In re Christopher L. Graham

## ORIGINAL PROCEEDING FROM COMAL COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Christopher L. Graham has filed an application for writ of habeas corpus, arguing that he was entitled to be released from custody on a personal recognizance bond pursuant to section 21.002(d) of the government code, which allows an officer of a court who has been held in contempt by a trial court "to be released on his own personal recognizance pending a determination of his guilt or innocence." *See* Tex. Gov't Code § 21.002(d).

Graham was twice held in contempt in two separate criminal cases, and the Presiding Judge of the Third Administrative District assigned Judge Doug Shaver to preside over a show cause hearing. *See id.* (presiding judge of administrative district shall assign judge other than judge who issued contempt order to determine attorney's guilt or innocence). Judge Shaver found Graham guilty of contempt in one of the cases but determined that insufficient evidence supported the other contempt order. Judge Shaver assessed punishment at fifteen days' in jail and a $300 fine. *See id.* § 21.002(b) (punishment for contempt of court shall not exceed $500 and six months' in jail).

Under section 21.002(d), an attorney or other officer of court held in contempt by a trial court is entitled to be released on his personal recognizance "pending a determination of

his guilt or innocence." *Id.* § 21.002(d).  Because Judge Shaver held a hearing pursuant to section 21.002(d) and determined that Graham committed contempt, Graham is not entitled to a personal recognizance bond at this point.[1] *See id.*  We deny the petition for writ of mandamus. *See* Tex. R. App. P 52.8(a).

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Filed:   June 12, 2014

_____

[1] Graham also complains that he should have been released on his personal recognizance before Judge Shaver's hearing was held.  In his pre-hearing response to one of the show cause orders, he asked that an administrative judge be appointed and "that if there is a finding of contempt that [he] be afforded a personal recognizance bond."  Assuming that Graham's request amounts to a "proper motion," *see* Tex. Gov't Code § 21.002(d), Graham has since been found guilty of contempt in a de novo hearing, and the issue of whether he was entitled to habeas relief pending that determination is now moot.